May it please the court, my name is Matthew Weisberg, here on behalf of Appellant Anthony Pritchett, who is also seated in the gallery. Your honors, if this honorable court were to swallow Appellee's brief, it would appear that we are not here for oral argument on a discrete issue as to whether ill will is required in the malicious prosecution, civil rights action, but whether there is an underlying probable cause determination. Respectfully to the court and to my adversary, that is not why we are here. The appellee, the defendant here, lost on summary judgment, did not take an interlocutory appeal of qualified immunity, did not raise anything at the trial upon which the magistrate judge dismissed the case except the absence of ill will. And it is that very, very discrete issue that this court exercises jurisdiction over as to whether or not a malicious prosecution, civil rights action, is required, that element, is ill will required. You do agree that you need a state claim together with a constitutional claim. That is correct. You can't proceed just on a state claim. Correct your honor. And my memory of the trial, and I think this is reflected, is that we abandoned the state claim in favor of the federal malicious prosecution claim. And if we had not, we'd do so now. The federal malicious prosecution claim does not require ill will. The Sixth Circuit in Sykes agrees, the Fourth Circuit in Brooks agrees, and this court in Lippe agrees. By ill will, you mean malice. Malice. You don't have to show malice? Malice is a term of art. As the Albright opinion of the United States Supreme Court, its plurality says, that there is a constitutional malicious prosecution, just like there is a defamation claim of actual malice. But this court, this circuit, has said that malice is an aspect of malicious prosecution. This circuit in the Lippe case. It seems like by its very definition, malicious prosecution would require malice. Your honor, I would respectfully disagree. This circuit, in the Lee case, mirrored the Pennsylvania determination. The Lee case, which Appelli cites, preceded the Albright case, preceded the other circuits cases, and preceded the Lippe case. And in mimicking the Pennsylvania requirement of ill motive, the Lee case is, in fact, today incorrect. Pennsylvania doesn't even require it. Okay. Let me ask a question. Whatever the standard is, and I agree with Judge Fuentes, almost by definition, malicious prosecution requires malice, or evil mind, or something really bad. But what is there here that would meet that? All I see, and you have a full trial. Yes, your honor. And on the Rule 50, your predecessor counsel conceded, aside from one false statement, he has nothing else. He, counsel, had nothing else. And that false statement was, it doesn't even look false to me, but where Warrender says, in the affidavit of probable cause, that Pritchett never returns back to work. I read that to be that day. But he conceded it at trial that, yeah, that was probably ambiguous. There's more to that. Nobody said, he didn't say it was false. It doesn't read false. Indeed, the next sentence in the affidavit, the offender still had several hours left to the completion of his shift that day. And that counsel says, aside from that false statement, I don't have anything, your honor. I mean, that's the case we had before. Your honor, I respectfully disagree. First, I. That's what he said. And I understand that after the denial of a motion for summary judgment on the exact same grounds, the district court at the end of the trial then blasted him with the very precise reasons that the judge had denied the motion for summary judgment. But now we heard all the testimony. And now we heard all the testimony. And there is more. There's nothing there. There is more, your honor. And the jury should have been allowed to hear more. First, but I take. So the testimony was all in. No doubt. First, I take the court a step back. If this court were to require an evil motive, then it would be in split with the Sixth Circuit, the Brooks, the Fourth Circuit, and itself in the Lipay court. There are two issues as to malicious prosecution. Now, if we were to sit here as laypeople and hear malice, of course that sounds evil. But that's not what the courts have determined. The courts have determined that malice means the absence of probable cause. Well, all right. But let's say that, in fact, hypothetically speaking, we agree, we disagree with you. And malice is an element of this. Yes, your honor. But for purposes of argument. Yes. Have you, did you show malice? We have not shown evil intent. And I believe my predecessor counsel has indicated underneath that he did not show evil intent. Are you just the appellate counsel here? I am the appellate. You're not the trial counsel. I was not the trial counsel. All right. I understand your argument in your brief that you can, if we have to show malice, malice can be inferred. Correct, your honor. That's right. Did you have? Yes, your honor. Did you make the argument before the trial court? Was that argument made before the trial court? Yes, sir. I believe it was, your honor. You believe? Yes, your honor. In reviewing the trial transcript, my colleague repeatedly mentioned that it could be inferred from the, and from these criteria. Can you give me a reference in the argument in the Rule 50 for inferences? Yes, your honor. The question to, the question, what evidence would you cite to show he had malice and evil mind aside from the false statement, I don't have anything. I see no reference here using inference. And that is a correct answer. We have no evidence to show an evil mind. So if we say that malice is an essential element, you concede to lose. Correct. No, not if malice, if evil mind is the definition of malice, I lose. All right. If we say that malice is an essential element, but you didn't show malice, what is your next argument? We could show malice either by one, which is the predominant opinion of the two circuits that I just addressed, as well as this court in Lippe, that it's the absence of probable cause. But if you're asking for the factual elements, the factual elements are, number one, the video. No, no, no, I'm not asking about the elements. I'm saying how, if malice is an element of the offense and you needed it to establish your case, how did you establish it? Yes, your honor. Number one, there was the statement that he never returned to work. That's it. Which is, which is number one, which is, frankly, a thief would not return to work. But that would be interesting for a issuing authority of a warrant to have knowledge of, that this thief returned to the exact spot later to finish his job. Two, that the video itself shows no crime. Three, that there were no signs of force entry and no damage, as was relayed to this officer by the predecessor officer, to which this officer swore out an affidavit that, in fact, there was a forced entry, which was not true. Four, that they had a work disagreement the day before, and thus there was bias or motive on the intent of the complaining witness. Five, that this officer never even produced the video to the, to the underlying trial court. I can tell you the answer to each of those, but I, I don't know that. But are they not factual? Four, four, are. It was all in the record. No doubt. But the. Supposing he, you're saying that the, the detective, by the way, you said at page in your blue, in the blue brief, when you're writing the first page of the statement of facts, you say, on June 10th, Solskjaer, a non-party, made a complaint with Warrender that her laptop was stolen from her. Her work locker. I, I assume you realize that she didn't, that Warrender didn't enter the case for two weeks. Yeah, that, that was a misstatement, Your Honor. I, I apologize for that. But the thing about the locker, I mean, there's an allegation that, at best, Warrender was negligent in not going and looking at the locker. But he had interviewed Solskjaer. He looked at the videos with her. You know, maybe he should have reinvestigated the case. Your Honor, my memory of the affidavit of probable. But a false statement. My memory of the affidavit of probable cause indicates that he swore out that there was a dent. And that there was a forced entry. But then how is this material? How is, for example, whether Pritchett went back to work that afternoon or the next morning or never went back, how is that material to malicious prosecution? Your, Your Honor, it's a, it's a, in order to establish, and I, I disagree, if the court is going to hold that it's evil intent, I, I respectfully disagree with the court. But to establish the absence of probable cause or reckless disregard of the truth, that is exactly it. Was it not reckless disregard? Absence of probable cause, given Solskjaer, her story, which was corroborated by Warrender by sitting and looking at the videotapes. I mean, how is there not probable cause? Well, number one, the video shows nothing. Number two. That's what you say. And I think that's a jury issue. We have to move on because your time is up. Maybe you can focus on the, when you come back, on the conflicts between the probable cause affidavit and what was presented at the trial, if that's your case. Thank you. Thank you, Your Honor. Ms. Bruhl, did I pronounce that correctly? Yes, Bruhl. Good afternoon. Elyse Bruhl on behalf of Detective Warrender. I'm going to move this up just a little bit, please. Okay. We just had a discussion about the necessity of proving malice in a case like this, constitutional tort involving malicious prosecution. It seems to me that, by definition, malice is necessary. But having read the briefs, I understand the plaintiff's position to be you can infer malice by proving the absence of probable cause. At least that's the argument on the papers. That is the argument on the papers. I'd like to, and I've got sort of a two-part response to that, Judge Fuentes, if I might. The first is that there was probable cause, and in terms of any preservation, we move twice for Rule 50. That will provoke another question from you when you say there was probable cause. I appreciate that. He says there wasn't probable cause. Yes, but I want to establish that as a baseline, at least in terms of our argument. Okay. The second is that the inference of probable cause, the inference of malice from probable cause… In the absence of it. In the absence of it. Excuse me. A little adrenalized here. …is something that has been stated as sort of a generic black-letter law phrase in sort of Griffiths or other cases in the Third Circuit and also in Pennsylvania law cases. But if that's going to happen, again, looking to the Pennsylvania law cases, that's a rebuttable presumption. At most, if you get to the finding, and there has to be an actual finding of a lack of probable cause, that's a rebuttable presumption, and defendants can rebut that presumption. I think we cited to… It's strange to be in a Third Circuit and be citing to Pennsylvania law cases. I acknowledge that. But where that's been sketched out has been in the Pennsylvania courts and that's been… And the cases that have looked at that, like the Miller case or Simpson discusses it briefly, there has to be kind of lack of probable cause plus. Like the overall circumstances have to be not necessarily… There has to be something more. And there has to be… I think I get your meaning. I'm trying to kind of bring it into kind of more of a… The case law here is a bit ineffable. But I think you clearly stated the case law, which is you can infer malice from the absence of probable cause. Yes, you can infer malice from the absence of probable cause. My question will be, who decides whether you have enough probable cause or not? It seemed to me that that would be a jury question. If there's a factual dispute about whether there's probable cause or not, why wouldn't the jury pass on that as opposed to a judge taking that decision away from the jury? My answer to that is Judge Berry's colloquy with, or conversation with Mr. Weisberg, which is that even assuming that there's a jury question on the question of falsity, which is debatable, but let's assume that there is, there is no jury question on materiality. And the determination of probable cause is one that a court makes in false arrest claims. In the same materiality, clearly there were discrepancies between what is in… In fact, the judge characterized some of the discrepancies between what's in the warrant for probable cause or the affidavit for probable cause and what was testified in the trial. Well, the… I guess what we're… From the colloquy, there were two things really. There were the statement of he leaves and he never comes back to work, which if you look at Ms. Solska's report, that's what it says. That's right, but that wasn't accurate. Yeah, and that wasn't accurate. But the testimony was that he left and didn't come back that day. He came back, I think it was the next, it was on the 11th and wasn't allowed back in the building. So you take that out under Franks and you still have he leaves, he's gone. And it's something that is… And under Franks, you look at the… You look at those excise statements, you take out the dent, you take out that he never returns back, and you look and you see if there's probable cause from the affidavit. And here we have a victim witness statement, a complainant, a surveillance video. A surveillance video that showed him being in places he wasn't supposed to be, getting something into a truck. We're in a place where he wasn't supposed to be and that truck drives away. That's probable cause. And there the inquiry stops. Why does it stop though? My question is, why did the judge decide? I might agree with you, or I may not, having read the briefs and so forth. Why does the judge make that decision as opposed to the jury making a decision if there's a conflict in the testimony? Well, even if there's a conflict in the… You mean the judge decides, well, there's enough here for probable cause, therefore… Well, the conflict… Malice has not been established or could not be established. I apologize. You assume that there, under Franks, you assume that there's a conflict. You take the plaintiff's view, which is that these two statements are false. You excise them from the affidavit and then you look to the affidavit to see, okay, is there probable cause or not? Does this affidavit with those excisions establish probable cause? Judges make probable cause decisions all the time. Yes. And judges are permitted to make those probable cause decisions, but they generally involve detention proceedings. This is a different, I guess, a cake of a different flavor. It is a different flavor, but the question here is… Counsel, I think a fundamental question is, where did counsel for Pritchett raise in an argument on Rule 50 an absence of probable cause? I don't see that it was even raised. Well, it wasn't. I see the false statement coming in with no context, but I don't see any specific argument being made then that there's an absence of probable cause. So the jury should make that finding. Yes. At all. And we agree with you, Judge Barry, that our arguments in our brief was, one, the judge had the right definition of malice more than ill will or spite, also improper purpose. Second, this probable cause question was waived, but in our conversation today, I need to make sure that you understand what our position is, even if it hasn't been waived. But our position is that it has been. There was no discussion of... The focus was entirely on the statements themselves. The focus was on the meaning of... Yeah. Was it malice or evil mind or something really bad it has to depend on? Yeah. But the phrase probable cause was never mentioned in the argument. Yes. Well, probable cause was raised by us. It was raised in the earlier... I'm talking about Rule 50. Yes, exactly. Earlier. Yeah. But earlier. But even there, that wasn't discussed or raised by Mr. Pritchett. That's correct. A lot of softballs here this afternoon. Well, I'll take them because there's... Speaking with a lot of energy. Just to be more specific, because I was actually asking Mr. Weisbarg that same question. Yes. And I don't think I got the right answer, which is you have to show malice. And assuming that we... Yes. ...arrive at this conclusion that malice is part of this... Yes. ...constitutional tort, how do you prove malice? Well, we have said, yes, as you pointed out before, the absence of probable cause may be sufficient to show malice. Yes. In this kind of case. Yes. And the question Judge Barry was alluding to is was that issue, was that point ever raised in the trial court? In other words, did somebody say to the judge, you can't dismiss this case now because I didn't show malice because you can show the absence of malice. I mean, you can show malice through the absence of probable cause. Was that argument made? Well, was that argument... Made to the trial judge. Was that argument made to the trial judge? No, it was not. We argued we were entitled to Rule 50 because there was probable cause, but the absence of probable cause as a sufficient basis for finding of malice was not argued. And, you know, we're offering this court two ways to affirm, either on the probable cause element or on the malice element. We have to take our arguments as we find them in terms of the briefs that are presented to us, but in terms of what was presented to the court, it was one, Detective Warner had probable cause, and two, Detective Warner did not act with malice or for a purpose other than bringing Mr. Pritchett to justice. It's really a question of how does one define the elements of a claim of malicious prosecution? Yes, and... Maybe that's a legal question. It is a legal question, and this circuit, along with the Second, the Ninth, and the Eleventh Circuits, there is a malice element. And that, in a Section 1983 claim, and you do have to prove that. Anything else? I don't have anything. You don't have anything?  I know when to sit down. If you want me to ask you a question, I'll ask one. Yeah, pardon? You said you don't have anything. I said, if you want me to ask you a question, I'll ask one. I've learned when I'm gently asked to sit down, to sit down. If you have a question, I'd be happy to answer it, Judge Greenberg. I think that's enough. Okay, thank you. Mr. Weisberg? Thank you, Your Honor. Picking up where this Court had asked opposing counsel, the issue appears to be, was there a waiver of the issue as to whether or not the evil motive was required? How can there be a waiver when that argument was squarely presented in the motion for summary judgment and accepted by the trial court and accepted? I don't think that's the focus of our questions. I think we're suggesting that malice is an element of the malicious prosecution offense. How do you prove malice? And your papers say here's how you prove it. The absence of probable cause is sufficient to find malice. Now the question is, did you raise that point to the trial judge? Did you say that? Judge, you said I didn't show probable cause, but I ask you to infer from the, to infer, I'm sorry, infer malice because there's no probable cause. Did you raise that point? That exact statement was not raised to the trial court because it need not be. It was our response to the motion for summary judgment which the trial court had already agreed. Wait a second. The motion for summary judgment which the court denied Right. doesn't control anything at the trial and I've often wondered what would happen if a court should have granted a summary judgment and didn't and then the case goes to trial the other side presents all kinds of evidence and wins and the defendant appeals on the grounds it should have never gotten that far I should have gotten the summary judgment. It's a different thing. I don't disagree with your honor but to number one in this kind of case the government has the right to an interlocutory appeal the government  to a cross appeal A right to an interlocutory appeal? For qualified immunity grounds. Oh. They have the right to a cross appeal they've done neither Well wait a second. The city wouldn't have had a right the defendant the individual defendant might have sought summary judgment. Right. That's right. They don't have to though. The cases say that even if you could have filed a collateral order appeal you don't have to you can raise it later. Well your honor I I the answer to your question to be as specific as possible is that there was no statement no evil motive is not required why was that not said? Because the court had already agreed that no evil motive had not been required in in its summary judgment opinion. The problem with that is you know you're you're merging two separate rules under the rules of civil procedure they they're two separate rules that stand independently. No doubt. So And you're saying because there's a decision on one that is binding on the rule to dismiss at the end of the of the of all of the evidence and before the case goes to the jury. Not binding as to the facts because the trial would be on the facts but binding as to the law we do cite in our section about the law of the case. Well then would it be this I would suggest that it should not be this court's opinion and the appellate cites no cases that say that we effectively have to reiterate our response in opposition to motion for summary judgment orally at the close of our case in chief. In fact if you read the trial transcript the judge appears to have already made up his mind and it's a very quick exchange to then reiterate what had already been previously argued in response to summary judgment would would be unnecessary. The judge has already You know the focus of summary judgment is entirely different from the focus the judge's focus at the end of all the evidence because As to the facts Initially it's whether the material issue is a fact for a jury to determine but that's not the focus at the end of  evidence. It's the absence of probable cause then the court has already made that legal determination What? That there was no probable cause? No that would be a jury decision. That the evil motive is not required. The trial court say that in your motion in the decision denying summary judgment? Well  the I'm at a loss right now to cite the exact page your honor but the that was the decision denying summary judgment the evil motive requirement was raised I don't think the court can contest that I don't think the court can contest that no more evidence was presented at trial which contained no objections I might add to trial than what was presented in summary judgment what changed and I'll tell you what changed it was a credibility determination which is the province of the jury and the to require the complete regurgitation of that which the court has already decided which the court denied I don't know how you say it was a credibility determination I'm sorry your honor the judge decided on the rule 50 there was just not enough evidence to go to the jury the judge decided that ill will was required and we conceded that there was none presented that's right so I thank you your honor I do thank you for your argument thank you this group will take the case under advisement